1  Vahn Alexander (167373)
   FARUQI & FARUQI, LLP
2  1901 Avenue of the Stars, Second Floor
   Los Angeles, CA 90067
3  Tel: (310) 461-1426
4  Fax: (310) 461-1427
   valexander@faruqilaw.com
5
   Nadeem Faruqi
6  Antonio Vozzolo
   FARUQI & FARUQI, LLP
7  369 Lexington Avenue, Tenth Floor
   New York, NY 10017
8  Tel: (212) 983-9330
9  Fax: (212) 983-9331
   nfaruqi@faruqilaw.com
10 avozzolo@faruqilaw.com

11 *Attorneys for Plaintiffs*

12
                    UNITED STATES DISTRICT COURT
13
                   NORTHERN DISTRICT OF CALIFORNIA
14

15 NILS FLANZRAICH and JILL            )
16 FLANZRAICH, on behalf of themselves and all )
   others similarly situated,          )   Case No. CV 08    1994
17                                     )
                Plaintiffs,            )   CLASS ACTION
18                                     )
19         v.                          )   COMPLAINT FOR VIOLATION OF
                                       )   THE FEDERAL SECURITIES LAWS
20 THE CHARLES SCHWAB CORPORATION; )
   CHARLES SCHWAB & CO., INC.;         )   JURY TRIAL DEMANDED
21 CHARLES SCHWAB INVESTMENT           )
   MANAGEMENT, INC.; CHARLES R.        )
22 SCHWAB; SCHWAB INVESTMENTS;         )
23 SCHWAB YIELDPLUS FUND SELECT        )
   SHARES; EVELYN DILSAVER; RANDALL )
24 W. MERK and GEORGE PEREIRA;         )
                                       )
25              Defendants.            )

26
27
28

COMPLAINT FOR VIOLATION OF THE FEDERAL SECURITIES LAWS

Plaintiffs Nils Flanzraich and Jill Flanzraich ("Plaintiffs"), by their attorneys, allege upon personal knowledge as to their own acts, and as to all other matters upon information and belief based upon, *inter alia*, the investigation made by and through his attorneys.

## NATURE OF THE ACTION

1. This is a class action, asserting claims for violations of §§11, 12(a)(2) and 15 of the Securities Act of 1933 ("Securities Act"), 15 U.S.C. §§77k, 77l and 77o. Plaintiffs bring this action on behalf of all persons who acquired shares of Schwab YieldPlus Fund Select Shares (Ticker: SWYSX) (the "Fund") during the period March 17, 2005 through March 17, 2008, pursuant and/or traceable to a false and misleading Registration Statement and Prospectus filed with the Securities Exchange Commission ("SEC") and disseminated to investors in the Fund (collectively, the "Offering Materials"), against the Fund, the Schwab trust which issued the securities, the underwriters of the Fund and certain Schwab senior insiders (collectively, "Defendants").

2. Defendants omitted material facts from the Offering Materials that they were duty-bound either to include or that were necessary to render other statements in the Offering Materials materially accurate, truthful and complete, including:

   a. that the Fund lacked true diversification of its assets;

   b. that the Fund's over-concentration in mortgage-backed and related securities exposed it to severe problems stemming from mortgages sold to subprime borrowers;

   c. that the Offering Materials inaccurately described the Fund's risk profile as "offer[ing] lower risk than longer-term bond funds and only marginally higher risk than money market funds," a description which remains on the Fund's website today;

   d. that the securities in which the Fund invested subjected it to the high vulnerability of sudden illiquidity; and

   e. that as a result of that illiquidity, the Fund's net asset values ("NAVs") were materially and artificially inflated.

## JURISDICTION AND VENUE

3. The claims asserted herein arise under and pursuant to §§11, 12(a)(2) and 15 of the Securities Act, 15 U.S.C. §§77k, 77l and 77o.

1   4.   This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C.
2   §1331 and §22 of the Securities Act, 15 U.S.C. §77v.
3   5.   Venue is proper in this District pursuant to 28 U.S.C. §1391(b), because Defendants
4   maintain an office in this District, are headquartered in this District and many of the acts and
5   practices complained of herein occurred in substantial part in this District.
6   6.   In connection with the acts alleged in this Complaint, Defendants, directly or
7   indirectly, used the means and instrumentalities of interstate commerce, including, but not limited to,
8   the mails, interstate telephone communications and the facilities of the national securities markets.

## PARTIES

10   7.   Plaintiffs Nils Flanzraich and Jill Flanzraich acquired shares of Schwab YieldPlus
11   Fund Select Shares (Ticker: SWYSX) pursuant to a registration statement and prospectus at issue in
12   this Complaint, as set forth in the accompanying certifications, and have been damaged thereby.
13   8.   Defendant Schwab Investments ("Trust" or "Registrant") has its headquarters at 101
14   Montgomery Street, San Francisco, CA 94104. The Trust was organized under Massachusetts law
15   on October 26, 1990.
16   9.   Defendant Schwab YieldPlus Fund Select Shares (collectively "the Fund") is a series
17   of Schwab Investments. The Fund is members of The Charles Schwab Family of Funds and is a
18   Massachusetts business trust registered under the Investment Company Act of 1940, as amended (the
19   "1940 Act"). The Fund is advised by the Investment Adviser (defined below) and employs Charles
20   Schwab & Co. as principal underwriter, transfer agent and shareholder services agent. As a result,
21   the Fund is under common control with Registrant.
22   10.   Defendant The Charles Schwab Corporation ("Schwab Corp.") is headquartered at
23   101 Montgomery Street, San Francisco, CA 94104. Schwab Corp. is the parent company of Charles
24   Schwab & Co. and Schwab Investments. Schwab Corp. is a control person of its wholly owned
25   subsidiaries, Defendants Charles Schwab & Co. and Charles Schwab Investment Management, Inc.
26   11.   Defendant Charles Schwab & Co. Inc. ("Schwab" or "Underwriter") is headquartered
27   at 101 Montgomery Street, San Francisco, CA 94104. Schwab is the parent company of Charles
28   Schwab Investment Management, Inc. Pursuant to a distribution agreement, Schwab was, during the

1  Class period, the principal underwriter for shares of the Fund and is the Trust's agent for the purpose
2  of the continuous offering of a fund's shares. Schwab is a wholly owned subsidiary of Schwab
3  Corp.
4      12.  Defendant Charles Schwab Investment Management, Inc. ("Investment Advisor,"
5  "Schwab Management"), investment advisor to the Fund, has its headquarters at 101 Montgomery
6  Street, San Francisco CA 94104. As the Investment Advisor, Schwab Management oversees the
7  management and administration of the Fund, receiving a management fee as compensation for these
8  services. The Investment Advisor is a wholly owned subsidiary of Schwab Corp.
9      13.  Defendant Charles R. Schwab ("Charles Schwab") is Chairman and Trustee of
10 Schwab Investment and the Fund. Charles Schwab signed or authorized the signing of the false and
11 misleading Registration Statements. Charles R. Schwab is the founder, Chairman, Chief Executive
12 Officer and Director of the Charles Schwab Corporation. As a result of his ownership of and
13 interests in the Schwab Corp., Mr. Schwab is deemed to be a controlling person of the Investment
14 Adviser and Schwab.
15     14.  Defendant Evelyn Dilsaver ("Dilsaver") was president and Chief Executive Officer
16 ("CEO") of the Fund and signed each Registration Statement through November 15, 2006.
17     15.  Defendant Randall W. Merk ("Merk") was a Trustee and then President and CEO of
18 the Fund after Defendant Dilsaver left Schwab. Defendant Merk signed each Registration Statement
19 beginning with the November 15, 2005 Registration Statement.
20     16.  Defendant George Pereira ("Pereira") has been Chief Financial Officer and Treasurer
21 of the Fund and signed each Registration Statement beginning with the November 15, 2005
22 Registration Statement.
23     17.  The Defendants referenced above in paragraphs 8-10 are collectively referred to as
24 the "Registrant Defendants."
25     18.  The Defendants reference above in paragraphs 11-12 are collectively referred to as
26 the "Underwriter Defendants."
27     19.  The Defendants referenced above in paragraphs 13-16 are collectively referred to
28 herein as the "Individual Defendants."

COMPLAINT FOR VIOLATION OF THE FEDERAL SECURITIES LAWS     3

## THE FALSE AND DEFECTIVE
## REGISTRATION STATEMENTS AND PROSPECTUS

20. This is a class action on behalf of all persons or entities who acquired the shares of Schwab YieldPlus Funds Select Shares during the period March 17, 2005 through March 17, 2008 (the "Class Period"), pursuant to the Fund's untrue or misleading Registration Statements and Prospectuses (collectively, the "Offering Materials") issued in connection with the continued offerings of the Fund's shares, seeking to pursue remedies under the 1933 Act.

21. The Fund is in the category of ultra-short term bond funds.

22. The Fund is a mutual fund advertised by Defendants as an ultra-short term bond fund, and as a safe alternative to money market funds, which preserves principal while being "designed with your income needs in mind."

23. Schwab marketed ultra-short term bond funds to investors as a higher-yielding alternative to money-market funds, which offer a combination of safety and liquidity, or the ability to quickly access cash. For example, on the www.schwab.com website, Defendants continue to market the Fund as a "smarter alternative to investing in money market and long-term bond funds." Ultra-short term bond funds buy short-term debt, including mortgage-related debt, and have fewer investment restrictions than money market funds. Schwab, on its website, emphasizes to investors the low risk of the Fund in comparison to a money market fund:



Source: http://www.schwab.com/cms/P-2086448.1/risk2.png

24. On November 15, 2004, Defendants began offering shares of the Fund pursuant to the Registration Statement along with associated sales materials and advertisements, including web pages. Defendants continuously filed substantially identical statements throughout the Class Period,

COMPLAINT FOR VIOLATION OF THE FEDERAL SECURITIES LAWS 4

and continued to offer and sell the Fund's newly issued securities through notices, circulars, advertisements, letters or communications, written or by radio or television, including over the internet. These documents included representations that:

    a. The Fund "invests in large, well-diversified portfolio of taxable bonds...."

    b. The Fund provided "higher yields on your cash with only marginally higher risk, [and therefore] could be a smart alternative."

    c. The Fund was an "ultra short-term bond fund, designed to offer high current income with minimal changes in share price."

    d. The Fund "invests primarily in investment-grade bonds."

    e. The Fund offers "the potential for higher yields than a money market fund."

    f. The Fund's objective was "to seek high current income with minimal changes in share price."

    g. "The [Fund was] actively managed by a seasoned team of taxable bond portfolio managers who are supported by a team of credit and market analysts. The team [members] use a disciplined approach...."

25. Due to Defendants' positive, but misleading or untrue statements, billions of dollars poured into the Fund at prices set by Defendants, averaging a net asset value of approximately $9.70 per share throughout the Class Period. The following chart shows the Fund's massive growth in assets in 2006 and 2007 to above $10 billion in assets in June 2007:



Source: Bloomberg

26. As reported by the *Los Angeles Times* on January 8, 2008, the Fund, in a 2006 mailing to customers, "boasted that its YieldPlus fund 'offers higher potential returns than money market funds with only marginally higher risk.'"

COMPLAINT FOR VIOLATION OF THE FEDERAL SECURITIES LAWS     5

27. Despite stating in the Offering Materials that the Fund is invested in a well-diversified portfolio, throughout the Class Period, the Fund became less and less diversified. In fact the Fund became almost one-half invested in mortgage-backed securities. In a January 25, 2005 filing with the SEC, the Fund reported that only 13.0% of its assets were invested in mortgage-backed securities. In its most recent filing on January 11, 2008, the Fund reported that 46.2% of the Fund's assets were invested in mortgage-backed securities.

28. On March 27, 2008 Morningstar.com reported that the Fund has taken on slightly "more credit risk" than its peers and kept the portfolio heavily invested in corporate and non-agency mortgage bonds.

29. The movement of the Fund from diversification to an over-concentration in mortgage-backed securities occurred even after the Fund was well aware of the Fund's exposure to problems arising from mortgages issued to subprime borrowers. In a November 11, 2007 filing with the SEC, the Fund's senior vice president and chief investment officer disclosed that "February [2007]'s spike in volatility gave a first sign that subprime issues had emerged." Nonetheless, the Fund continued to increase the proportion of its investments in mortgage-backed securities. The following chart demonstrates the concentration of the Fund's assets in mortgage-backed securities.



Source: http://www.sec.gov/edgar.shtml

30. Between February 2007, when the Fund admits learning of the risks of exposure to disruptions in the market for subprime mortgage debt, and the November 11, 2007 SEC filing, the

COMPLAINT FOR VIOLATION OF THE FEDERAL SECURITIES LAWS 6

Fund failed to disclose that: (a) the Fund was not well-diversified; (b) was exposed to risk far greater than the risk associated with money market funds; (c) was subject to large changes in share price; and (d) had significant exposure to risks related to low grade debt. Moreover, the Fund continued to increase its exposure to liquidity and solvency risks that initially arose in the market for subprime mortgage debt without disclosing the increased risk to shareholders.

31.  Despite becoming aware of substantial disruptions in the market for subprime mortgage debt in February 2007, the Fund misled investors regarding the Fund's exposure to the market disruptions. For example, in a March 22, 2007 press release, the Fund's Chief Investment Officer, Kimon Daifotis claimed that the Fund faced no "excess risk" because, in part, the Fund "avoided the lower-quality end of the subprime mortgage market."

32.  In July 2007, Defendants suddenly began lowering the value of the share price for the Fund. The NAV of the shares have plummeted to as low as $7.95 per share on March 17, 2008, or a loss of over 18% since June and almost 11% for the year. By comparison, the average loss for this category has been 1.12%.

33.  The chart below depicts the drop in NAV of the Fund's shares:



Source: Bloomberg

34.  In conjunction with this revaluation, Defendants have blamed the mortgage crisis without acknowledging the Fund's over-concentration in mortgage-backed securities. Most recently,

COMPLAINT FOR VIOLATION OF THE FEDERAL SECURITIES LAWS    7

on March 10, 2008, Defendants issued a letter stating: "Even though YieldPlus is a highly diversified fund, it reflects the declines we have seen in non-Treasury securities, including mortgage-backed and asset-backed securities, where reduced demand has been the primary driver of decreasing valuations."

35. The true material facts, or material facts omitted necessary to make the statements made not misleading and/or omitted material facts required to be stated in the Offering Materials were:

    a. the Fund was and is not well-diversified and was concentrated in a single risky industry or market segment – in reality, over 50% of the Fund's assets are now invested in the mortgage industry, and that percentage grew as Defendants abandoned the objectives of the Fund;

    b. there exists no primary market for most of the bonds, and in fact, the only market was, for many, the issuers themselves;

    c. the Fund relied blindly on the ratings by agencies who were paid by the Fund's broker-dealers;

    d. the mortgaged-backed securities in which the Fund was investing were highly vulnerable to becoming illiquid; and

    e. the net asset values of the Fund was highly speculative and inflated.

## CLASS ACTION ALLEGATIONS

36. Plaintiffs bring this action as a class action pursuant to Federal Rule of Civil Procedure 23(a) and (b)(3) on behalf of a class consisting of all persons who acquired shares of the Fund during the period March 17, 2005 through March 17, 2008, pursuant and/or traceable to a false and misleading Registration Statement and Prospectus filed with the SEC and disseminated to investors in the Fund and who were damaged thereby (the "Class"). Excluded from the Class are Defendants, the officers and directors of each corporate entity, and the members of their immediate families and their legal representatives, heirs, successors or assigns and any entity in which Defendants have or had a controlling interest.

37. The members of the Class are so numerous that joinder of all members is impracticable. While the exact number of Class members is unknown to Plaintiffs at this time and

can only be ascertained through appropriate discovery, Plaintiffs believe that there are hundreds of members in the proposed Class. Record owners and other members of the Class may be identified from records maintained by Registrant or its transfer agent and may be notified of the pendency of this action by mail, using the form of notice similar to that customarily used in securities class actions.

38. Plaintiffs' claims are typical of the claims of the members of the Class as all members of the Class are similarly affected by Defendants' wrongful conduct in violation of federal law that is complained of herein.

39. Plaintiffs will fairly and adequately protect the interest of the members of the Class and have retained counsel competent and experienced in class and securities litigation.

40. Common questions of law and fact exist as to all members of the Class and predominate over any questions solely affecting individual members of the Class. Among the questions of law and fact common to the Class are:

    a. whether the 1933 Act was violated by Defendants' acts as alleged;

    b. whether statements made by Defendants to the investing public in the Offering Materials misrepresented material facts about the business, operations and management of the Fund; and

    c. to what extent the members of the Class have sustained damages and the proper measure of damages.

41. A class action is superior to all other available methods for the fair and efficient adjudication of this controversy since joinder of all members is impracticable. Furthermore, as the damages suffered by individual Class members may be relatively small, the expense and burden of individual litigation make it impossible for members of the Class to redress individually the wrongs done to them. There will be no difficulty in the management of this action as a class action.

### FIRST CAUSE OF ACTION

**Violations of §11 of the Securities Act**
**(Against the Registrant Defendants)**

42. Plaintiffs repeat and reallege each and every allegation contained above.

43. This Count is brought pursuant to §11 of the Securities Act, 15 U.S.C. §77k, on behalf of the Class, against Registrant Defendants.

44. The Offering Materials were false and misleading, contained untrue statements of material facts, omitted to state other facts necessary to make the statements made not misleading, and omitted to state material facts required to be stated therein.

45. The Registrant Defendants named herein were responsible for the contents and dissemination of the Offering Materials.

46. None of the Defendants named herein made a reasonable investigation or possessed reasonable grounds for the belief that the statements contained in the Offering Materials were true and without omissions of any material facts and were not misleading.

47. By reason of the conduct herein alleged, each defendant violated, and/or controlled a person who violated, §11 of the 1933 Act.

48. Plaintiffs acquired shares pursuant and/or traceable to the Offering Materials for the Offering.

49. Plaintiffs and the Class have sustained damages. At the time of their purchases of the shares, Plaintiffs and other members of the Class were without knowledge of the facts concerning the wrongful conduct alleged herein and could not have reasonably discovered those facts prior to July, 2007. Less than one year has elapsed from the time that Plaintiffs discovered or reasonably could have discovered the facts upon which this complaint is based to the time that Plaintiffs filed this complaint. Less than three years elapsed between the time that the securities upon which this Count is brought were offered to the public and the time Plaintiffs filed this complaint.

## SECOND CAUSE OF ACTION

### Violations of §12(a)(2) of the Securities Act
### (Against the Underwriter Defendants)

50. Plaintiffs repeat and reallege the allegations set forth above as if set forth fully herein. For purposes of this Cause of Action, Plaintiffs expressly exclude and disclaim any allegation that could be construed as alleging fraud or intentional or reckless misconduct, as this Cause of Action is based solely on claims of strict liability and/or negligence under the Securities Act.

COMPLAINT FOR VIOLATION OF THE FEDERAL SECURITIES LAWS 10

51. By means of the defective Offering Materials, the Underwriter Defendants assisted in the sale of shares of the Company's securities to Plaintiffs and the other members of the Class.

52. The Offering Materials contained untrue statements of material fact, and concealed and failed to disclose material facts, as detailed above. The Underwriter Defendants owed Plaintiffs and the other members of the Class who purchased shares pursuant to the Offering Materials the duty to make a reasonable and diligent investigation of the statements contained in the Offering Materials to ensure that such statements were true and that there was no omission to state a material fact required to be stated in order to make the statements contained therein not misleading. Defendants, in the exercise of reasonable care, should have known of the misstatements and omissions contained in the Offering Materials as set forth above.

53. Plaintiffs did not know, nor in the exercise of reasonable diligence could have known, of the untruths and omissions contained in the Offering Materials at the time they acquired the Company's securities.

54. By reason of the conduct alleged herein, the Underwriter Defendants violated §12(a)(2) of the 1933 Act, 15 U.S.C. §77l. As a direct and proximate result of such violations, Plaintiffs and the other members of the Class who purchased shares pursuant to the Offering Materials sustained substantial damages in connection with their purchases of Fund shares. Accordingly, Plaintiffs and the other members of the Class who hold such shares have the right to rescind and recover the consideration paid for their shares, and hereby tender their shares to Defendants sued herein. Class members who have sold their shares seek damages to the extent permitted by law.

### THIRD CAUSE OF ACTION

**Violations of §15 of the Securities Act**
**(Against the Individual Defendants)**

55. Plaintiffs repeat and reallege each and every allegation contained above.

56. This Cause of Action is brought pursuant to §15 of the Securities Act, 15 U.S.C. §77o, against the Individual Defendants.

57. Each of the Individual Defendants was a control person of the Fund by virtue of his or her position as a director, senior officer and/or major shareholder of the Fund which allowed each of these defendants to exercise control over the Fund and its operations.

58. Each of the Individual Defendants was a culpable participant in the violations of §11 of the Securities Act alleged in the Cause of Action above, based on their having signed or authorized the signing of the Offering Materials and having otherwise participated in the process which allowed the offer and/or sale of the shares.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray for relief and judgment, as follows:

A. Determining that this action is a proper class action and certifying Plaintiffs as Class representatives under Rule 23 of the Federal Rules of Civil Procedure;

B. Awarding Compensatory damages in favor of Plaintiffs and the other Class members against all Defendants, jointly and severally, for all damages sustained as a result of Defendants' wrongdoing, in an amount to be proven at trial, including interest thereon;

C. Awarding Plaintiffs and the Class their reasonable costs and expenses incurred in this action, including counsel fees and expert fees;

D. Awarding recessionary damages; and

E. Such equitable, injunctive or other relief as deemed appropriate by the Court.

### JURY DEMAND

Plaintiffs hereby demand a trial by jury.

Dated: April 16, 2008

Respectfully submitted,

FARUQI & FARUQI, LLP

By: _____
Vahn Alexander

1901 Avenue of the Stars, Second Floor
Los Angeles, CA 90067
Tel: (310) 461-1426
Fax: (310) 461-1427
valexander@faruqilaw.com

COMPLAINT FOR VIOLATION OF THE FEDERAL SECURITIES LAWS  12

1
2  Nadeem Faruqi
3  Antonio Vozzolo
   FARUQI & FARUQI, LLP
4  369 Lexington Avenue, Tenth Floor
   New York, NY 10017
5  Tel: (212) 983-9330
   Fax: (212) 983-9331
6  nfaruqi@faruqilaw.com
   avozzolo@faruqilaw.com
7
   *Attorneys for Plaintiffs*
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**CERTIFICATION OF INTERESTED ENTITIES OR PERSONS**

Pursuant to Civil L.R. 3-16, the undersigned certifies that as of this date, other than the named parties, there is no such interest to report.

_____
ATTORNEY OF RECORD FOR PLAINTIFFS
NILS FLANZRAICH AND JILL FLANZRAICH

# PLAINTIFF CERTIFICATION
## PURSUANT TO 15 U.S.C. § 77z-1[1]

1. I, Nils Flanzraich, hereby certify that I have reviewed a draft complaint against The Charles Schwab Corporation ("Schwab Corp.") and others. I authorize the filing of a complaint substantially similar to the one I reviewed on my behalf and on behalf of a class of persons similarly situated.

2. I select Faruqi & Faruqi, LLP and any firm with which it affiliates for the purpose of prosecuting this action as my counsel for purposes of prosecuting my claim against Schwab Corp. and others.

3. I did not purchase any security or securities that is or are the subject of this action at the direction of my counsel or to participate in any private action arising under the federal securities laws.

4. Should the Court appoint me, I am willing to serve as a class representative on behalf of the class, including guiding my attorneys in the prosecution of this action, overseeing the litigation, including any discussions of settlement, providing answers to discovery requests at the direction of my counsel, and providing deposition testimony and testimony at trial, if necessary.

5. To the best of my knowledge, the following represents all of my transactions in securities of Schwab YieldPlus Fund Select Shares (if the space provided is inadequate, complete transaction history on another sheet):

---

[1] The Private Securities Litigation Reform Act of 1995, codified at 15 U.S.C. §77z-1(a)(2)(A), requires, in relevant part, the following:

    In general, each plaintiff seeking to serve as a representative party on behalf of a class shall provide a sworn certification, which shall be personally signed by such plaintiff and filed with the complaint, that--
        (i) states that the plaintiff has reviewed the complaint and authorized its filing;
        (ii) states that the plaintiff did not purchase the security that is the subject of the complaint at the direction of plaintiff's counsel or in order to participate in any private action arising under this title [15 USCS §§ 77a et seq.];
        (iii) states that the plaintiff is willing to serve as a representative party on behalf of a class, including providing testimony at deposition and trial, if necessary;
        (iv) sets forth all of the transactions of the plaintiff in the security that is the subject of the complaint during the class period specified in the complaint;
        (v) identifies any other action under this title [15 USCS §§ 77a et seq.], filed during the 3-year period preceding the date on which the certification is signed by the plaintiff, in which the plaintiff has sought to serve, or served, as a representative party on behalf of a class; and
        (vi) states that the plaintiff will not accept any payment for serving as a representative party on behalf of a class beyond the plaintiff's pro rata share of any recovery, except as ordered or approved by the court in accordance with paragraph (4).

| SECURITY PURCHASED/SOLD | DATE OF TRANSACTION | NUMBER OF UNITS PURCHASED/SOLD | PRICE PAID/RECEIVED PER UNIT |
|---|---|---|---|
| Buy | 7/25/2007 | 41,595.93 | $401,400.70 |
| Sell | 11/1/2007 | 24,390.00 | $229,753.80 |
| Sell | 12/20/2007 | 17,931.30 | $162,995.55 |
| Buy | 7/25/2007 | 14,451.22 | $139,454.26 |
| Buy | 7/26/2007 | 9.14 | $88.11 |
| Sell | 9/13/2007 | 3,000.00 | $28,200.00 |
| Sell | 12/20/2007 | 11,716.41 | $106,502.19 |

6. During the three years prior to the date of this certification, I have not sought to serve as representative of any class, except as specified below.

| CASE CAPTION | COURT | DATE FILED | CURRENTLY PENDING? (Y/N) |
|---|---|---|---|
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |

7. I understand that I am only entitled to my *pro rata* share of any recovery for the class, except as approved by the Court. I shall not seek nor will I accept any payment beyond that approved by the Court in return for my service as class representative.

8. I declare, under penalty of perjury under the laws of the United States of America, that the foregoing information is correct to the best of my knowledge.

Signed this 16 day of April, 2008, at Henderson, Nevada

Nils Flanzraich

2

## PLAINTIFF CERTIFICATION
## PURSUANT TO 15 U.S.C. § 77z-1[1]

1. I, Jill Flanzraich, hereby certify that I have reviewed a draft complaint against The Charles Schwab Corporation ("Schwab Corp.") and others. I authorize the filing of a complaint substantially similar to the one I reviewed on my behalf and on behalf of a class of persons similarly situated.

2. I select Faruqi & Faruqi, LLP and any firm with which it affiliates for the purpose of prosecuting this action as my counsel for purposes of prosecuting my claim against Schwab Corp. and others.

3. I did not purchase any security or securities that is or are the subject of this action at the direction of my counsel or to participate in any private action arising under the federal securities laws.

4. Should the Court appoint me, I am willing to serve as a class representative on behalf of the class, including guiding my attorneys in the prosecution of this action, overseeing the litigation, including any discussions of settlement, providing answers to discovery requests at the direction of my counsel, and providing deposition testimony and testimony at trial, if necessary.

5. To the best of my knowledge, the following represents all of my transactions in securities of Schwab YieldPlus Fund Select Shares (if the space provided is inadequate, complete transaction history on another sheet):

---

[1] The Private Securities Litigation Reform Act of 1995, codified at 15 U.S.C. §77z-1(a)(2)(A), requires, in relevant part, the following:

In general. Each plaintiff seeking to serve as a representative party on behalf of a class shall provide a sworn certification, which shall be personally signed by such plaintiff and filed with the complaint, that—
(i) states that the plaintiff has reviewed the complaint and authorized its filing;
(ii) states that the plaintiff did not purchase the security that is the subject of the complaint at the direction of plaintiff's counsel or in order to participate in any private action arising under this *title [15 USCS §§ 77a et seq.]*;
(iii) states that the plaintiff is willing to serve as a representative party on behalf of a class, including providing testimony at deposition and trial, if necessary;
(iv) sets forth all of the transactions of the plaintiff in the security that is the subject of the complaint during the class period specified in the complaint;
(v) identifies any other action under this *title [15 USCS §§ 77a et seq.]*, filed during the 3-year period preceding the date on which the certification is signed by the plaintiff, in which the plaintiff has sought to serve, or served, as a representative party on behalf of a class; and
(vi) states that the plaintiff will not accept any payment for serving as a representative party on behalf of a class beyond the plaintiff's pro rata share of any recovery, except as ordered or approved by the court in accordance with paragraph (4).

| SECURITY PURCHASED/SOLD | DATE OF TRANSACTION | NUMBER OF UNITS PURCHASED/SOLD | PRICE PAID/RECEIVED PER UNIT |
|---|---|---|---|
| Buy | 7/25/2007 | 14,345.94 | $138,438.29 |
| Sell | 9/5/2007 | 3,600.00 | $33,912.00 |
| Sell | 9/20/2007 | 1,100.00 | $10,373.00 |
| Sell | 12/20/2007 | 9,875.14 | $89,765.03 |

6. During the three years prior to the date of this certification, I have not sought to serve as representative of any class, except as specified below.

| CASE CAPTION | COURT | DATE FILED | CURRENTLY PENDING? (Y/N) |
|---|---|---|---|
| | | | |
| | | | |
| | | | |

7. I understand that I am only entitled to my *pro rata* share of any recovery for the class, except as approved by the Court. I shall not seek nor will I accept any payment beyond that approved by the Court in return for my service as class representative.

8. I declare, under penalty of perjury under the laws of the United States of America, that the foregoing information is correct to the best of my knowledge.

Signed this 16 day of April, 2008, at Henderson, NV.

Jill Flanzraich

2

# CIVIL COVER SHEET

JS 44 (Rev. 12/07) (cand rev 1-16-08)

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON PAGE TWO OF THE FORM.)

## I. (a) PLAINTIFFS
NILS and JILL FLANZRAICH, on behalf of themselves and all others similarly situated

### DEFENDANTS
THE CHARLES SCHWAB CORPORATION, et al.

(b) County of Residence of First Listed Plaintiff: Clark County, Nevada
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant: San Francisco County, S.F.
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number)
Vahn Alexander (167373)
FARUQI & FARUQI, LLP
1901 Avenue of the Stars, Second Floor
Los Angeles, CA 90067   Telephone: (310) 461-1426

Attorneys (If Known)

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)
[X] 3 Federal Question (U.S. Government Not a Party)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (For Diversity Cases Only)

## IV. NATURE OF SUIT
(not filled in detail)

## V. ORIGIN
[X] 1 Original Proceeding

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
§§11, 12(a)(2) and 15 of the Securities Act of 1933 ("Securities Act"), 15 U.S.C. §§77k, 77l and 77o

Brief description of cause:
False and misleading statements and/or omissions re offering materials concerning Schwab YieldPlus Fund Select.

## VII. REQUESTED IN COMPLAINT:
[X] CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $ Excess of $75,000
JURY DEMAND: [X] Yes [ ] No

## VIII. RELATED CASE(S) IF ANY
PLEASE REFER TO CIVIL L.R. 3-12 CONCERNING REQUIREMENT TO FILE "NOTICE OF RELATED CASE".

## IX. DIVISIONAL ASSIGNMENT (CIVIL L.R. 3-2) (PLACE AND "X" IN ONE BOX ONLY)
[X] SAN FRANCISCO/OAKLAND    [ ] SAN JOSE

DATE: April 16, 2008
SIGNATURE OF ATTORNEY OF RECORD: /s/ Alexander