Vahn Alexander (167373)
FARUQI & FARUQI, LLP
1901 Avenue of the Stars, Second Floor
Los Angeles, CA 90067
Tel: (310) 461-1426
Fax: (310) 461-1427
valexander@faruqilaw.com

Nadeem Faruqi
Antonio Vozzolo
FARUQI & FARUQI, LLP
369 Lexington Avenue, Tenth Floor
New York, NY 10017
Tel: (212) 983-9330
Fax: (212) 983-9331
nfaruqi@faruqilaw.com
avozzolo@faruqilaw.com

*Counsel for Plaintiffs*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NILS FLANZRAICH and JILL FLANZRAICH on behalf of themselves and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>THE CHARLES SCHWAB CORPORATION, CHARLES SCHWAB & CO., INC., CHARLES SCHWAB INVESTMENT MANAGEMENT, INC., CHARLES R. SCHWAB, SCHWAB INVESTMENTS, SCHWAB YIELDPLUS FUND SELECT SHARES, EVELYN DILSAVER, RANDALL W. MERK and GEORGE PEREIRA,<br><br>Defendants. | Case No. CV - 08 - 01994 - WHA<br><br>CLASS ACTION<br><br>**NOTICE OF CORRECTED CERTIFICATIONS BY NILS FLANZRAICH AND JILL FLANZRAICH**<br><br>Related Cases:<br><br>*Labins*, CV-08-01510 WHA<br>*Hageman,* CV-08-01733 WHA<br>*Glasgow*, CV-08-01936 WHA<br>*Pai*, CV-08-02058 WHA |

1  **TO:   ALL PARTIES AND THEIR ATTORNEYS OF RECORD**

2  PLEASE TAKE NOTICE that plaintiffs Nils Flanzraich and Jill Flanzraich ("Plaintiffs")
3  hereby file corrected plaintiff certifications, originally filed pursuant to 15 U.S.C. §77z-1 with
4  Plaintiffs' complaint on April 16, 2008.  Plaintiffs' corrected certifications are attached here as
5  *Exhibit A*.

6

7  Dated:  May 16, 2008                    Respectfully submitted,

8                                          FARUQI & FARUQI, LLP

9

10                                         By:  s/Vahn Alexander
                                                Vahn Alexander
11
                                           1901 Avenue of the Stars, Second Floor
12                                         Los Angeles, CA 90067
                                           Tel: (310) 461-1426
13                                         Fax: (310) 461-1427
14                                         valexander@faruqilaw.com

15                                         Nadeem Faruqi
                                           Antonio Vozzolo
16                                         FARUQI & FARUQI, LLP
                                           369 Lexington Avenue, Tenth Floor
17                                         New York, NY 10017
18                                         Tel: (212) 983-9330
                                           Fax: (212) 983-9331
19                                         nfaruqi@faruqilaw.com
                                           avozzolo@faruqilaw.com
20
21                                         *Counsel for Plaintiffs*

22

23

24

25

26

27

28

---

**NOTICE OF CORRECTED CERTIFICATIONS BY NILS FLANZRAICH AND JILL FLANZRAICH**

## CERTIFICATE OF SERVICE

I hereby certify that on May 16, 2008, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail addresses registered, as denoted on the attached Electronic Mail Notice List, and I hereby certify that I have mailed the foregoing document or paper via the United States Postal Service to the non-CM/ECF participants indicated on the attached Manual Notice List.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed this 16th day of May 2008, at New York, New York.

          **s/Vahn Alexander**
          **Vahn Alexander**

# Exhibit A

# CORRECTED PLAINTIFF CERTIFICATION
# PURSUANT TO 15 U.S.C. § 77z-1[1]

1. I, Nils Flanzraich, hereby certify that I have reviewed a draft complaint against The Charles Schwab Corporation ("Schwab Corp.") and others. I authorize the filing of a complaint substantially similar to the one I reviewed on my behalf and on behalf of a class of persons similarly situated.

2. I select Faruqi & Faruqi, LLP and any firm with which it affiliates for the purpose of prosecuting this action as my counsel for purposes of prosecuting my claim against Schwab Corp. and others.

3. I did not purchase any security or securities that is or are the subject of this action at the direction of my counsel or to participate in any private action arising under the federal securities laws.

4. Should the Court appoint me, I am willing to serve as a class representative on behalf of the class, including guiding my attorneys in the prosecution of this action, overseeing the litigation, including any discussions of settlement, providing answers to discovery requests at the direction of my counsel, and providing deposition testimony and testimony at trial, if necessary.

5. To the best of my knowledge, the following represents all of my transactions in securities of Schwab YieldPlus Fund Select Shares (if the space provided is inadequate, complete transaction history on another sheet):

---

[1] The Private Securities Litigation Reform Act of 1995, codified at 15 U.S.C. §77z-1(a)(2)(A), requires, in relevant part, the following:

   In general, each plaintiff seeking to serve as a representative party on behalf of a class shall provide a sworn certification, which shall be personally signed by such plaintiff and filed with the complaint, that--
   (i) states that the plaintiff has reviewed the complaint and authorized its filing;
   (ii) states that the plaintiff did not purchase the security that is the subject of the complaint at the direction of plaintiff's counsel or in order to participate in any private action arising under this *title [15 USCS § § 77a* et seq.];
   (iii) states that the plaintiff is willing to serve as a representative party on behalf of a class, including providing testimony at deposition and trial, if necessary;
   (iv) sets forth all of the transactions of the plaintiff in the security that is the subject of the complaint during the class period specified in the complaint;
   (v) identifies any other action under this *title [15 USCS § § 77a* et seq.], filed during the 3-year period preceding the date on which the certification is signed by the plaintiff, in which the plaintiff has sought to serve, or served, as a representative party on behalf of a class; and
   (vi) states that the plaintiff will not accept any payment for serving as a representative party on behalf of a class beyond the plaintiff's pro rata share of any recovery, except as ordered or approved by the court in accordance with paragraph (4).

| SECURITY PURCHASED/SOLD | DATE OF TRANSACTION | NUMBER OF UNITS PURCHASED/SOLD | PRICE PAID/RECEIVED PER UNIT |
|---|---|---|---|
| Buy | 7/25/2007 | 41,595.93 | $9.65 |
| Buy | 7/25/2007 | 14,451.22 | $9.65 |
| Buy | 7/26/2007 | 9.14 | $9.64 |
| Buy | 7/31/2007 | 12.96 | $9.62 |
| Buy | 7/31/2007 | 37.27 | $9.62 |
| Buy | 8/31/2007 | 76.09 | $9.41 |
| Buy | 8/31/2007 | 218.87 | $9.41 |
| Sell | 9/13/2007 | 3,000.00 | $9.40 |
| Buy | 9/28/2007 | 53.56 | $9.44 |
| Buy | 9/28/2007 | 177.01 | $9.44 |
| Buy | 10/31/2007 | 54.87 | $9.42 |
| Buy | 10/31/2007 | 198.75 | $9.42 |
| Sell | 11/1/2007 | 24,390.00 | $9.42 |
| Buy | 11/30/2007 | 58.58 | $9.17 |
| Buy | 11/30/2007 | 93.47 | $9.17 |
| Sell | 12/20/2007 | 17,931.30 | $9.09 |
| Sell | 12/20/2007 | 11,716.41 | $9.09 |

6. During the three years prior to the date of this certification, I have not sought to serve as representative of any class, except as specified below.

| CASE CAPTION | COURT | DATE FILED | CURRENTLY PENDING? (Y/N) |
|---|---|---|---|
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |

7. I understand that I am only entitled to my *pro rata* share of any recovery for the class, except as approved by the Court. I shall not seek nor will I accept any payment beyond that approved by the Court in return for my service as class representative.

8. I declare, under penalty of perjury under the laws of the United States of America, that the foregoing information is correct to the best of my knowledge.

Signed this 14 day of May, 2008, at Henderson, NV.

_____
Nils Flanzraich

3

## CORRECTED PLAINTIFF CERTIFICATION
## PURSUANT TO 15 U.S.C. § 77z-1[1]

1. I, Jill Flanzraich, hereby certify that I have reviewed a draft complaint against The Charles Schwab Corporation ("Schwab Corp.") and others. I authorize the filing of a complaint substantially similar to the one I reviewed on my behalf and on behalf of a class of persons similarly situated.

2. I select Faruqi & Faruqi, LLP and any firm with which it affiliates for the purpose of prosecuting this action as my counsel for purposes of prosecuting my claim against Schwab Corp. and others.

3. I did not purchase any security or securities that is or are the subject of this action at the direction of my counsel or to participate in any private action arising under the federal securities laws.

4. Should the Court appoint me, I am willing to serve as a class representative on behalf of the class, including guiding my attorneys in the prosecution of this action, overseeing the litigation, including any discussions of settlement, providing answers to discovery requests at the direction of my counsel, and providing deposition testimony and testimony at trial, if necessary.

5. To the best of my knowledge, the following represents all of my transactions in securities of Schwab YieldPlus Fund Select Shares (if the space provided is inadequate, complete transaction history on another sheet):

---

[1] The Private Securities Litigation Reform Act of 1995, codified at 15 U.S.C. §77z-1(a)(2)(A), requires, in relevant part, the following:

In general. Each plaintiff seeking to serve as a representative party on behalf of a class shall provide a sworn certification, which shall be personally signed by such plaintiff and filed with the complaint, that--
(i) states that the plaintiff has reviewed the complaint and authorized its filing;
(ii) states that the plaintiff did not purchase the security that is the subject of the complaint at the direction of plaintiff's counsel or in order to participate in any private action arising under this *title [15 USCS § § 77a* et seq.];
(iii) states that the plaintiff is willing to serve as a representative party on behalf of a class, including providing testimony at deposition and trial, if necessary;
(iv) sets forth all of the transactions of the plaintiff in the security that is the subject of the complaint during the class period specified in the complaint;
(v) identifies any other action under this *title [15 USCS § § 77a* et seq.], filed during the 3-year period preceding the date on which the certification is signed by the plaintiff, in which the plaintiff has sought to serve, or served, as a representative party on behalf of a class; and
(vi) states that the plaintiff will not accept any payment for serving as a representative party on behalf of a class beyond the plaintiff's pro rata share of any recovery, except as ordered or approved by the court in accordance with paragraph (4).

| SECURITY PURCHASED/SOLD | DATE OF TRANSACTION | NUMBER OF UNITS PURCHASED/SOLD | PRICE PAID/RECEIVED PER UNIT |
|---|---|---|---|
| Buy | 7/25/2007 | 14,345.94 | $9.65 |
| Buy | 7/31/2007 | 12.86 | $9.62 |
| Buy | 8/31/2007 | 75.49 | $9.41 |
| Sell | 9/5/2007 | 3,600.00 | $9.43 |
| Sell | 9/20/2007 | 1,100.00 | $9.42 |
| Buy | 9/28/2007 | 45.24 | $9.44 |
| Buy | 10/31/2007 | 46.25 | $9.42 |
| Buy | 11/30/2007 | 49.37 | $9.17 |
| Sell | 12/20/2007 | 9,875.14 | $9.09 |

6.　During the three years prior to the date of this certification, I have not sought to serve as representative of any class, except as specified below.

| CASE CAPTION | COURT | DATE FILED | CURRENTLY PENDING? (Y/N) |
|---|---|---|---|
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |

7.　I understand that I am only entitled to my *pro rata* share of any recovery for the class, except as approved by the Court. I shall not seek nor will I accept any payment beyond that approved by the Court in return for my service as class representative.

8.　I declare, under penalty of perjury under the laws of the United States of America, that the foregoing information is correct to the best of my knowledge.

Signed this 14 day of May, 2008, at Henderson, NV.

_____
Jill Planzraich

2