1  LOVITT & HANNAN, INC.
   Ronald Lovitt (State Bar No. 040921)
2  J. Thomas Hannan (State Bar No. 039140)
   900 Front Street, Suite 300
3  San Francisco 94111
   Telephone: (415) 362-8769
4  Facsimile: (415) 362-7528

5  BRAMSON, PLUTZIK, MAHLER & BIRKHAEUSER, LLP
   Alan R. Plutzik (State Bar No. 77785)
6  Michael S. Strimling (State Bar No. 96135)
   2125 Oak Grove Road, Suite 120
7  Walnut Creek, CA  94598
   Telephone:  (925) 945-0200
8  Facsimile:  (925) 945-8792

9  Attorneys for the Schwartz Group
   of Investors, Individually and On
10 Behalf of All Others Similarly
   Situated, and Proposed Lead Counsel

11

12                     UNITED STATES DISTRICT COURT

13                   NORTHERN DISTRICT OF CALIFORNIA

14 | MIKE LABINS, on Behalf of Himself and All Others Similarly Situated, | Case No. CV-08-1510-WHA |
15 | | **MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF** |
   | Plaintiff, | **MOTION FOR CONSOLIDATION OF** |
16 | | **ACTIONS; FOR APPOINTMENT OF** |
   | vs. | **THE SCHWARTZ GROUP OF** |
17 | | **INVESTORS AS LEAD PLAINTIFFS;** |
   | THE CHARLES SCHWAB CORPORATION; | **AND FOR APPROVAL OF LEAD** |
18 | CHARLES SCHWAB & CO., INC.; CHARLES | **PLAINTIFFS' CHOICE OF LEAD** |
   | SCHWAB INVESTMENT MANAGEMENT, | **COUNSEL** |
19 | INC.; CHARLES R. SCHWAB; EVELYN | |
   | DILSAVER; RANDALL W. MERK; AND | Date:  June 26, 2008 |
20 | GEORGE PEREIRA, | Time:  8:00 a.m. |
   | | Judge:  The Honorable William H. Alsup |
21 | Defendants. | |
22 | GERRY HAGEMAN, on Behalf of Himself and All Others Similarly Situated, | CASE NO.  CV 08-01733-CW |
23 | | |
   | Plaintiff, | |
24 | | |
   | vs. | |
25 | | |
   | THE CHARLES SCHWAB CORPORATION, | |
26 | et al., | |
27 | | |
   | Defendants. | |
28

| | |
|---|---|
| W. MERRILL GLASGOW, on Behalf of Himself and All Others Similarly Situated,<br><br>Plaintiff,<br><br>vs.<br><br>THE CHARLES SCHWAB CORPORATION, et al.,<br><br><br>Defendants. | CASE NO. CV 08-01936-SI |
| NILS FLANZRAICH, on Behalf of Himself and All Others Similarly Situated,<br><br>Plaintiff,<br><br>vs.<br><br>THE CHARLES SCHWAB CORPORATION et al.,<br><br>Defendants. | CASE NO. CV 08-01994-WHA |
| VINAYAK R. PAI DEFINED BENEFITS PENSION PLAN,<br><br>Plaintiff,<br><br>vs.<br><br>THE CHARLES SCHWAB CORPORATION, et al.,<br><br>Defendants. | CASE NO. CV 08-02058 WHA |

MEMORANDUM OF POINT AND AUTHORITIES IN SUPPORT OF MOTION FOR CONSOLIDATION; FOR APPOINTMENT OF THE SCHWARTZ GROUP OF INVESTORS AS LEAD PLAINTIFFS; AND FOR APPROVAL OF LEAD PLAINTIFFS' CHOICE OF LEAD COUNSEL.

2

# TABLE OF CONTENTS

**PAGE(S)**

I.   PRELIMINARY STATEMENT ................................................................................ 2

II.  PROCEDURAL BACKGROUND ........................................................................... 4

III. STATEMENT OF FACTS ...................................................................................... 4

IV.  ARGUMENT ........................................................................................................... 6

    A.   The Proposed Lead Plaintiffs Have Satisfied the Procedural
    Requirements Pursuant to the PSLRA ............................................................ 6

        1.   The Proposed Lead Plaintiffs Have Timely Made This
        Motion For Appointment As Lead Plaintiffs ...................................... 6

        2.   The Proposed Lead Plaintiffs Have the Largest Financial
        Interest and Are Thus Presumed to Be the Most Adequate
        Plaintiff ................................................................................................ 7

        3.   The Proposed Lead Plaintiffs Otherwise Fulfill the
        Requirements of Rule 23 and the PSLRA ........................................... 8

            a.   The Proposed Lead Plaintiffs Fulfill the Typicality
            Requirement ............................................................................. 9

            b.   Plaintiffs and Their Counsel Will Fairly and
            Adequately Represent the Class ............................................. 10

    B.   The Court Should Approve the Proposed Lead Plaintiffs' Choice of
    Counsel as Attorneys for the Class ............................................................... 11

    C.   The Related Actions Should Be Consolidated ............................................. 11

V.   CONCLUSION ..................................................................................................... 12

1

## TABLE OF AUTHORITIES

2

**PAGE(S)**

3

**Cases**

*Armour v. Network Assocs.*, 171 F. Supp. 2d 1044 (N.D. Cal. 2001)..................................................8
*Boeckman v. A.G. Edwards, Inc.*, 461 F. Supp. 2d 801 (S.D. Ill. 2006)...........................................9
*Chill v. Green Tree Fin. Corp.*, 181 F.R.D. 398 (D. Minn. 1998)...................................................7
*CLRA v. Legal Services Corp.*, 917 F.2d 1171 (9th Cir. 1990) ....................................................9
*Haley v. Medtronic*, 169 F.R.D. 643 (C.D.Cal. 1996) ...........................................................10
*In re David Cavanaugh*, 306 F.3d 726 (9th Cir. 2002);..........................................................8
*In re Milestone Sci. Sec. Litig.*, 183 F.R.D. 404 (D.N.J. 1998).................................................11
*In re Oxford Health Plans, Inc. Sec. Litig.*, 182 F.R.D. 42 (S.D.N.Y. 1998) ....................................8
*Lerwill v. Inflight Motion Pictures*, 582 F.2d 507 (9th Cir. 1978)...............................................10
*McKitty v. Advanced Tissue Sciences, Inc. (In re Advanced Tissue Sciences Sec. Litig.)*, 184 F.R.D.
    346 (S.D.Cal. 1998) .........................................................................................7
*Mohanty v. Bigband Networks, Inc.*, 2008 U.S. Dist. LEXIS 32764 (N.D. Cal. Feb. 13, 2008)........9
*Peoria Union Stock Yards Co. Retirement Plan v. Penn Mut. Life Ins. Co.*, 698 F.2d 320 (7th Cir.
    Ill. 1983)...................................................................................................10
*Schwartz v. Harp*, 108 F.R.D. 279 (C.D. Cal. 1985) ...........................................................9

**Statutes**

15 U.S.C. §77 .................................................................................................6
Fed. R. Civ. P. Rule 23.....................................................................................8, 9, 10
Fed. R. Civ. P. Rule 42(a) ..................................................................................11
Securities Act of 1933.......................................................................................2

**Treatises**

Schwarzer, Tashima & Wagstaffe, *Federal Civil Procedure Before Trial*, § 10:293 (Rutter Group,
    2006) ......................................................................................................9

# I.    PRELIMINARY STATEMENT

The following securities class actions (the "Related Actions") have been filed in this Court by purchasers of the securities of the securities of the Schwab YieldPlus Fund ("Fund"), against the Fund and certain affiliated companies, directors, advisers, controlling persons and managers of the Fund, alleging violations of Sections 11, 12(a)(2) and 15 of the Securities Act of 1933, 15 U.S.C. §77a, et seq (the "1933 Act"):

| Abbreviated Case Name | Case No. |
|---|---|
| *Labins v. The Charles Schwab Corporation, et al.* | CV 08-01510-WHA |
| *Hageman v. The Charles Schwab Corporation, et al.* | CV 08-01733-CW |
| *Glasgow v. The Charles Schwab Corporation, et al.* | CV 08-01936-SI |
| *Flanzraich et al v. The Charles Schwab Corporation et al.* | CV 08-01994-WHA |
| *Vinayak R. Pai Defined Benefits Pension Plan v. The Charles Schwab Corporation et al.* | CV 08-02058-WHA[1] |

Pursuant to the Private Securities Litigation Reform Act of 1995 ("PSLRA"), and Sections 27(a)(3), and 11, 12(a)(2) and 15 of Securities Act of 1933, the Schwartz Group of Investors – Richard M. Schwartz, Trustee of the Celesta Schwartz Trust FBO Richard Schwartz under the Celesta Schwartz Revocable Trust Dtd June 12, 1992; Richard M. Schwartz, Trustee of the Meyer Schwartz Trust FBO Richard Schwartz under the Will of Meyer Schwartz, Deceased; the Charles C. Bell Limited Partnership; Sheri Bell, individually and on behalf of C. Scott Bell pursuant to power of attorney; and Casa Marin, a California Corporation (the "Schwartz Group") – hereby move the Court (1) for an Order consolidating the above-captioned actions; (2) for appointment of the members of the Schwartz Group as Lead Plaintiffs; and (3) for approval of Lead Plaintiffs'

---

[1] Several other actions asserting the same or similar claims have been filed in other federal districts. *Hugh John Tully and Penelope Carol Tully v. Charles Schwab Corporation et al.*, United States District Court, Southern District of New York, Case No. 08-CV-3652; *R. Daniel Bohl v. The Charles Schwab Corporation*, United States District Court, District of Massachusetts, Case No. 10593; *Arnita Coleman v. The Charles Schwab Corporation*, United States District Court, District of Massachusetts, Case No. 08-cv-10626-RGS.

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR CONSOLIDATION; FOR APPOINTMENT OF THE SCHWARTZ GROUP OF INVESTORS AS LEAD PLAINTIFFS; AND FOR APPROVAL OF LEAD PLAINTIFFS' CHOICE OF LEAD COUNSEL

2

1    selection of Lovitt & Hannan, Inc. and Bramson, Plutzik, Mahler & Birkhaeuser, LLP as Co-Lead

2    Counsel.

3        The Court should appoint the Schwartz Group as Lead Plaintiffs because they are the most

4    qualified class members to lead this litigation. The Schwartz Group is not a group of unrelated

5    investors cobbled together by counsel. Rather, it is a cohesive family group. It consists of Richard

6    Schwartz, as Trustee of two family trusts; Casa Marin, a corporation of which Mr. Schwartz is the

7    sole shareholder and president; and Mr. Schwartz's wife, Sheri Bell, as a Trustee and an individual,

8    asserting claims derived from investments made by two other family trusts. See Certifications

9    attached as Exhibits A-1 through A-5 to the accompanying Declaration of Michael S. Strimling

10   (hereinafter referred to as "Certifications").

11       The members of the Schwartz Group are situated identically to the other class members.

12   Like the class members, they purchased shares of the Fund, which was represented by defendants

13   as a well-diversified, ultra-short term bond fund, holding bonds commonly of average duration of a

14   year or less, of investment grade or the equivalent, and which, because of such qualities, were

15   touted to "maintain share price stability and preserve investor capital." However, in fact, the Fund

16   was not well-diversified, and had a significant portion of its assets in risky mortgage-backed

17   securities and bonds of well over one year duration, for which there was no established market,

18   leading directly to rapid loss of more than one-fourth of share price and investors' capital.

19       As such, and because of their large losses in these securities, the members of the Schwartz

20   Group have a strong interest in this litigation and a strong incentive to vigorously represent the

21   class of securities holders in obtaining redress.

22       The members of the Schwartz Group invested $1,389,241.96 in the Schwab YieldPlus Fund

23   ("the Fund"), and incurred losses totaling $231,642.10. The Schwartz Group is not aware of any

24   other class member or cohesive plaintiff group that has filed an action or an application for

25   appointment as Lead Plaintiff that sustained greater financial losses. Accordingly, Movants advise

26   that they have suffered the largest financial losses and have the largest financial interest in the

27   outcome of this litigation. In addition, Movants satisfy each of the requirements of the PSRLA and

28

1    Rule 23 of the Federal Rules of Civil Procedure and, therefore, are qualified for appointment as

2    Lead Plaintiff in these actions.

3         Thus, as demonstrated herein, the members of the Schwartz Group are presumptively the

4    most adequate Plaintiffs under that PSRLA and should be appointed Lead Plaintiffs.  Moreover, the

5    Schwartz Group's choice of counsel, Lovitt & Hannan, Inc. and Bramson, Plutzik Mahler &

6    Birkhaeuser, LLP, as Lead Counsel for the class, are well-qualified and should be approved.

7                        **II.  PROCEDURAL BACKGROUND**

8         The first of the Related Actions was filed on or about March 18, 2008. Pursuant to Section

9    27(a)(3) of the Securities Act Of 1933 (15 U.S.C. 77z-1(a)(3)), notice that a class action had been

10   initiated against defendants was published, advising class members of their right to move the Court

11   to be appointed lead plaintiff within the prescribed time period.  The members of the Schwartz

12   Group are class members (*See* Certifications) and are filing this motion within the 60 day period

13   following publication of the said notice.

14                        **III.  STATEMENT OF FACTS**

15        Defendant Charles Schwab & Co. (Schwab) sold shares of the Fund[2] from and after March

16   17, 2005, the beginning date of the class period pleaded in the complaints in the Related Actions.

17

18   _____

     [2] The YieldPlus Fund is an open-ended fund sold by defendant Schwab as both "Investor Shares"
19   and "Select Shares," for different levels of investment, with the losses and misrepresentations at
     issue applying to each. Schwab is the parent company of Schwab Investments, the Registrant for
20   the Fund. The Fund is a member of The Charles Schwab Family of Funds, each of which is
     advised by defendant Charles Schwab Investment Management, Inc., and which receives a
21   management fee from the Fund, and employs Schwab as principal underwriter, transfer agent and
     shareholder service agent. Defendant The Charles Schwab Corporation is the parent company and
22   controlling person of its fully owned subsidiaries, Schwab and Schwab Investments.  Schwab and
     Charles Schwab Investment Management, Inc. are both wholly owned subsidiaries of defendant
23   The Charles Schwab Corporation, and defendant Charles R. Schwab is the founder, chairman,
     director and chief executive officer and, due to his ownership and interests in it, a controlling
24   person of The Charles Schwab Corporation.  Charles R. Schwab is also Chairman and Trustee of
     Schwab Investments and the Fund and signed or authorized the signing of the Registration
25   Statements at issue with respect to the Fund.  Defendant Evelyn Dilsaver was President and CEO
     of the Fund and signed each Registration Statement through November 15, 2006. Defendant
26   Randall W. Merk was a Trustee and President and CEO of the Fund thereafter and signed each
     Registration Statement beginning with the November 15, 2006 statement.  Defendant George
27   Pereira at all relevant times was the Chief Financial Officer and Treasurer of the Fund and signed
     each Registration Statement beginning with the November 15, 2005 statement.  Defendant Gregory
28   Hand was Acting Treasurer and Principal Financial Officer of the Fund and signed the 2004
     Registration Statement. Defendants Mariann Byerwalter, Donald F. Doward, William A. Hasler,

     MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR CONSOLIDATION; FOR  4
     APPOINTMENT OF THE SCHWARTZ GROUP OF INVESTORS AS LEAD PLAINTIFFS; AND FOR
     APPROVAL OF LEAD PLAINTIFFS' CHOICE OF LEAD COUNSEL

March 17, 2008. The promotion of the Fund was uniform and Prospectus clear. The summary in the 2007 Prospectus reiterated: "The Schwab YieldPlus Fund is an ultra short-term bond fund, designed to offer high current income with minimal changes in share price. The fund seeks to keep the average duration of its portfolio at one year or less." Then the Prospectus stated its description of the "Strategy" of the Fund, with the first sentence in **bold type**:

> **"To pursue its goal, the fund primarily invests in investment-grade bonds (high and certain medium quality) AAA to BBB—or the unrated equivalent as determined by the investment advisor.** The fund may invest in bonds from diverse market sectors.... To help maintain share price stability and preserve investor capital, the fund seeks to maintain an average portfolio duration of one year or less. ¶ The fund's investment strategy is designed to offer higher yields than a money market fund while seeking minimal changes in share price." (2007 Prospectus, pp.1-2.)

The Prospectus later reiterated: "The Schwab Yield Plus Fund is **an ultra-short bond fund** that seeks a **high degree of share price stability. Because of its historical ability to minimize its share price fluctuations**, the fund is less vulnerable to market timing strategies than other types of fixed income or equity mutual funds." (Id., p.39, emphasis added.) In addition, the Schwab website touted the Fund as having a "well diversified" portfolio.

However, the Fund detoured from these representations. In order to build higher yields, and tout having higher yields to attract new investment, defendants caused the Fund to invest in riskier and non-diversified investments while continuing to represent the fund as stable in price, safe and diversified. As late 2007 approached, over half of the Fund's portfolio was in mortgage-backed securities that (1) often had a much longer than one year term, a material part of the Fund's bonds having a term of over two years; (2) were illiquid, had no established market and were, in fact, only marketable to the issuer, if at all; (3) were highly dependent on the performance of just one non-diversified sector of the economy, real estate, at a time when real estate had hit a highly speculative relative value, higher than at any time in the last 75 years.

---

Robert G. Holmes, Gerald B. Smith, Donald R. Stephens, Michael W. Wilsey and Jeff Lyons were and/or are Trustees of the Fund who signed the Registration Statements.

1      Because of these material problems of the Fund, and the manner in which it varied from the

2 prospectus and representations of defendants, the Fund was unusually vulnerable to losses in the

3 mortgage-backed security market, that would not have occurred if the Fund had adhered to its

4 stated goals and promised investment strategy.  The share price (NAV) of the Fund, which started

5 the class period at $9.69 and which had been at a fairly constant $9.70 during most of the class

6 period, was still at $9.67 on July 9, 2007, but then fell precipitously, such that it was $6.80 on April

7 8, 2008.[3]  This is a loss of 29.7%, on a mutual fund that was advertised and promoted as a secure

8 investment for those adverse to risk, such as retirees, to preserve their capital.  In comparison, the

9 average for the category of "Ultrashort Bond Funds" for the Morningstar ratings of mutual funds

10 lost less than 1%, over the same year from April 2007 to April 2008 that the Fund lost 29%.

11      The Members of the Schwartz Group, the Proposed Lead Plaintiffs, invested $1,412,194.65

12 in the Fund in 2007.  By the time they sold their units, they had incurred losses totaling

13 $230,184.10.  They are members of the class pleaded in the Related Actions who possess the same

14 claims asserted in those actions.  They therefore have a strong interest in pursuing the claims

15 asserted therein and recovering money for the class members.

16                          **IV.  ARGUMENT**

17     **A.**    **The Proposed Lead Plaintiffs Have Satisfied the Procedural**
            **Requirements Pursuant to the PSLRA**

18

19          **1.**    **The Proposed Lead Plaintiffs Have Timely Made This**
               **Motion For Appointment As Lead Plaintiffs**

20      Under the PSLRA, within 60 days after publication of the required notice, any members of

21 the proposed class may apply to the Court to be appointed as lead plaintiffs, whether or not they

22 have filed a complaint in the action.  15 U.S.C. §77z-1(a)(3)(A)(i)(II).

23      Movants have timely made this motion after publication of the notice of the first-filed

24 action, to be appointed Lead Plaintiffs of the Related Actions and any other action deemed related

25 by this Court.

26

27

28 [3] It was $9.69 at the inception of the class period in March 2005

1    Movants have also duly signed and submitted their sworn Certifications attesting to their

2    transactions in purchase and sale in securities of the Fund during the Class Period, and indicated

3    their willingness to serve as representative plaintiffs for the class. *See* Certifications, Exhs. A-1

4    through A-5 to the Strimling Declaration. Moreover, the Proposed Lead Plaintiffs have selected

5    and retained competent and experienced attorneys to represent themselves and the Class. See,

6    Declaration of Michael Strimling, Exh. B and C (firm resumes and biographies of Lovitt &

7    Hannan, Inc. and Bramson, Plutzik, Mahler & Birkhaeuser, LLP).

8                2.     **The Proposed Lead Plaintiffs Have the Largest Financial**
                        **Interest and Are Thus Presumed to Be the Most Adequate**
9                       **Plaintiff**

10   The Court is to determine the "most adequate plaintiff" who is presumed to be "the person

11   ***or group of persons*** that…has the largest financial interest in the relief sought by the class." 15

12   U.S.C. §77z-1(a)(3)(B)(i) and (iii) (emphasis added). Thus, the PSLRA itself recognizes that

13   groups of investors may qualify as lead plaintiffs in litigation subject to the statute.

14   However, to qualify as the "most adequate plaintiff," a group of investors must be a

15   cohesive, closely related group, not a large, unrelated group of investors, cobbled together by

16   attorneys. If that were not the law, attorneys could advertise for plaintiffs and just compose a list

17   the investors who responded, with the central player then being the plaintiffs' attorney. Such a

18   result would contravene the purpose of the PSLRA, which was to make the client substantial

19   enough to direct the attorneys rather than vice-versa. *See McKitty v. Advanced Tissue Sciences,*

20   *Inc. (In re Advanced Tissue Sciences Sec. Litig.),* 184 F.R.D. 346, 352 (S.D.Cal. 1998) (refusing to

21   appoint a group consisting of "over 250 unrelated investors" because of the court's determination

22   that doing so would be "inconsistent with the goal of restoring control over lawsuits to plaintiffs

23   instead of counsel"); *Chill v. Green Tree Fin. Corp.*, 181 F.R.D. 398, at 408 (D. Minn. 1998)

24   (declining to confer presumptive lead plaintiff status upon a "group" with almost 300 members

25   because doing so "would threaten the interests of the class, would subvert the intent of Congress,

26   and would be too unwieldy to allow for the just, speedy and inexpensive determination of this

27   action").

28

1    The members of the Schwartz Group are a related family group – real clients with a real

2    and large stake. The husband and wife trustees and the beneficiaries are related by family affinity.

3    Their losses total more than $230,000, which gives them a strong incentive to pursue the litigation

4    vigorously.  As such, Movants both fit the profile of the Proposed Lead Plaintiffs with "the largest

5    financial interest in the relief sought" and are also the sort of related plaintiffs' group that is

6    preferred under the PSLRA, as clients with substantial individual incentive, independent of

7    attorneys, to pursue the action.

8                        3.    **The Proposed Lead Plaintiffs Otherwise Fulfill the**
                              **Requirements of Rule 23 and the PSLRA**
9
10           Under the PSLRA, in addition to possessing the largest financial interest in the outcome of

     the litigation, the lead plaintiffs must also "otherwise satisfy[y] the requirements of Rule 23 of the
11
     Federal Rules of Civil Procedure."  15 U.S.C. § 77z-1(a)(3)(B)(iii)(I)(bb).  The statute then
12
13    essentially reverses the burden of proof, as to some elements of Rule 23, providing that the

14    presumption that a party is the most adequate plaintiff "may be rebutted ***only*** upon proof" that such

15    "a plaintiff will not fairly and adequately protect" the interests of the class, or is "subject to unique

16    defenses that render such plaintiff incapable of adequately representing the class." 15 U.S.C. §77z-

17    1(a)(3)(B)(iii)(II) (emphasis added).

18           Movants qualify under Rule 23.  Rule 23 provides for the certification of a class if: "(1) the

19    class is so numerous that joinder of all members is impracticable, (2) there are questions of law or

20    fact common to the class, (3) the claims or defenses of the representative parties are typical of the

21    claims or defenses of the class; and (4) the representative parties will fairly and adequately protect

22    the interests of the class." Fed.R.Civ.P. Rule 23(a).

23           However, the cases point out that only two of those requirements of Rule 23 are addressed

24    to characteristics of the class representative – that "(3) the claims or defenses of the representative

25    parties are typical of the claims or defenses of the class; and (4) the representative parties will

26    fairly and adequately protect the interests of the class" – otherwise known as "typicality" and

27    "adequacy of representation":

28

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR CONSOLIDATION; FOR 8
APPOINTMENT OF THE SCHWARTZ GROUP OF INVESTORS AS  LEAD PLAINTIFFS; AND FOR
APPROVAL OF LEAD PLAINTIFFS' CHOICE OF LEAD COUNSEL

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

In the context of determining the appropriate lead plaintiff under the PSLRA, the requirements of "typicality" and "adequacy" of representation are the key factors. See *In re David Cavanaugh*, 306 F.3d 726, 730 (9th Cir. 2002); see also *Armour v. Network Assocs.*, 171 F. Supp. 2d 1044, 1051 (N.D. Cal. 2001); *In re Oxford Health Plans, Inc. Sec. Litig.*, 182 F.R.D. 42, 49 (S.D.N.Y. 1998) ("[t]ypicality and adequacy of representation are the only provisions [of Rule 23] relevant to a determination of lead plaintiff under the PSLRA.").

*Mohanty v. Bigband Networks, Inc.*, 2008 U.S. Dist. LEXIS 32764 (N.D. Cal. Feb. 13, 2008).  The

other requirements of Rule 23 are to be addressed upon the eventual motion for class certification.

a.    *The Proposed Lead Plaintiffs Fulfill the Typicality Requirement*

"Typicality" under Rule 23(a)(3) is satisfied where, as here, the proposed plaintiffs' claims

arise out of the same course of conduct giving rise to the claims of the class and are based on the

same legal theories. "A plaintiff's claim meets this requirement if it arises from the same event or

course of conduct that gives rise to claims of other class members and the claims are based on the

same legal theory." *Schwartz v. Harp,* 108 F.R.D. 279, 282 (C.D. Cal. 1985).

Complete identity between the claims of each putative class member is not required.

"Fed.R.Civ.P. 23, which governs class actions, does not require the named plaintiffs to be

identically situated with all other class members. It is enough if their situations share a 'common

issue of law or fact' (Citation), and are 'sufficiently parallel to insure a vigorous and full

presentation of all claims for relief.' (Citation.)" *CLRA v. Legal Services Corp.*, 917 F.2d 1171,

1175 (9th Cir. 1990). "A plaintiff's claim may be 'typical' although other members of the class

suffered less (or more) injury." Schwarzer, Tashima & Wagstaffe, *Federal Civil Procedure Before

Trial*, § 10:293 (Rutter Group, 2006). Moreover, "[I]t is not necessary that all class members

suffer the same injury as the class representatives." Id., § 10:292.

The claims of the members of the Schwartz Group are typical of the claims of the other

members of the class.  They bought the same securities.  The prospectuses and promotion of the

YieldPlus Fund was virtually identical across the class.  As noted, the Morningstar fund rating

service even has a special class of bond funds known as the "Ultrashort Bond Funds," such that the

general characteristics of such a fund are well known – in line with what defendants promised but

not how the Fund was managed.  Moreover, the essence of a mutual fund, to obtain diversification,

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR CONSOLIDATION; FOR APPOINTMENT OF THE SCHWARTZ GROUP OF INVESTORS AS LEAD PLAINTIFFS; AND FOR APPROVAL OF LEAD PLAINTIFFS' CHOICE OF LEAD COUNSEL

9

1    which defendants touted but this Fund violated, is well known and promoted. "The appeal of a

2    mutual fund as an investment vehicle is the diversification of risks...." *Boeckman v. A.G. Edwards,*

3    *Inc.*, 461 F. Supp. 2d 801, 803 (S.D. Ill. 2006) *Peoria Union Stock Yards Co. Retirement Plan v.*

4    *Penn Mut. Life Ins. Co.*, 698 F.2d 320, 322 (7th Cir. Ill. 1983) ("investments of different investors

5    are pooled in a mutual fund or common trust fund, in order to obtain diversification").

6          Thus, all investors in the Fund such as the members of the Schwartz Group share a high

7    degree of typicality, both in their investment in the security and in the representations upon which

8    they invested, unless it is proved that there was something so idiosyncratic about their purchase as

9    to defeat that typicality. There are no such facts defeating typicality for these Proposed Lead

10   Plaintiffs.

11                    b.    *Plaintiffs and Their Counsel Will Fairly and*
                          *Adequately Represent the Class*
12
           The directive of Fed. R. Civ. P. 23(a)(4), that the representative parties "fairly and
13
     adequately protect the interests of the class," raises two considerations: (1) attorneys representing
14
     the class are qualified and competent to vigorously pursue the action, and (2) the class
15
     representatives do not have interests antagonistic to the remainder of the class. *Lerwill v. Inflight*
16
     *Motion Pictures*, 582 F.2d 507, 512 (9th Cir. 1978).
17
           As to the first factor, the firm resumes attached as B and C to the Strimling Declaration
18
     demonstrate that the attorneys representing the proposed class are qualified and experienced not
19
     only in class actions in general but in securities class actions in particular. *Haley v. Medtronic,* 169
20
     F.R.D. 643, at 650 (C.D. Cal. 1996).
21
           The second factor, plaintiff's lack of interests antagonistic to the class, is also present.
22
     Plaintiff's interests are co-extensive with those of the other class members. There is nothing in the
23
     record suggestive of any antagonism between the plaintiffs and other members of the class. The
24
     interest of the Proposed Lead Plaintiffs are the same as the interest of all class members – to prove
25
     that defendants' management of the Fund violated the representations of the prospectus and to
26
     recover their lost investment to the maximum degree. As shown in their sworn Certifications, the
27

28

1   Proposed Lead Plaintiffs understand the nature of their duties and have no known conflict or

2   characteristic that would detract from their ability to represent the class.

3        Furthermore, the size of the Movants' investment provides incentive. "This financial stake

4   in the litigation provides an adequate incentive for the [Proposed Lead Plaintiffs] to vigorously

5   prosecute the action." *In re Milestone Sci. Sec. Litig.*, 183 F.R.D. 404, 416 (D.N.J. 1998)

6        Clearly, the Movants satisfy all prongs of the 1933 Act as amended by the PSLRA for

7   appointment as Lead Plaintiffs in this action.

### B.   The Court Should Approve the Proposed Lead Plaintiffs' Choice of Counsel as Attorneys for the Class

Pursuant to 15 U.S.C. §77z-1(a)(3)(B)(v), "The most adequate plaintiff shall, subject to the

approval of the court, select and retain counsel to represent the class."  The Proposed Lead

Plaintiffs here have retained experienced class action firms and attorneys, Lovitt & Hannan, Inc.

and Bramson, Plutzik, Mahler & Birkhaeuser, LLP, who have extensive experience in complex

securities litigation.  See, Declaration of Michael Strimling, Exh. B and C.

As with the adequacy of representation, there is nothing to suggest that the Proposed Lead

Plaintiffs or counsel will not fairly and adequately represent the Class and vigorously pursue this

litigation.  There is nothing to show unique defenses or conflicts – which is the only evidence that

can rebut the presumption of adequacy under the Act.  Moreover, upon the motion for class

certification, the Court will have an opportunity to further review the adequacy of representation

under Rule 23.

### C.   The Related Actions Should Be Consolidated

Under Rule 42 of the Federal Rules of Civil Procedure, if actions involve common

questions of law or fact, the Court may consolidate them and make other appropriated orders to

avoid unnecessary cost or delay.  Fed. R. Civ. P. Rule 42(a).  Consolidation is necessary and

appropriate in the Related Actions, which are substantially identical in their allegations and the

facts and law that pertain to the Schwab YieldPlus Fund.  The actions should have been or already

have been "related" to this Court, and consolidation will avoid duplication.  Moreover, if there

were to be a application to the Multi-District Panel with regard to any actions that still exist in

1  other districts, it would facilitate such a procedure if the added confusion of multiple

2  unconsolidated actions from one district were not still present.

3  ## V. CONCLUSION

4      For the foregoing reasons, the Proposed Lead Plaintiffs respectfully request that the Court:

5  (1) consolidate for all purpose the Related Actions against defendants in this matter; (2) appoint the

6  members of the Schwartz Group as Lead Plaintiffs; and (c ) approve LOVITT & HANNAN, INC.

7  and BRAMSON, PLUTZIK, MAHLER & BIRKHAEUSER, LLP as Lead Counsel for the Class.

8  Dated: May 16, 2008

LOVITT & HANNAN, INC.
Ronald Lovitt
J. Thomas Hannan
900 Front Street, Suite 300
San Francisco 94111
Telephone: (415) 362-8769
Facsimile: (415) 362-7528


_____/s/_____
J. Thomas Hannan

BRAMSON, PLUTZIK, MAHLER &
BIRKHAEUSER, LLP
Alan R. Plutzik
Michael S. Strimling
2125 Oak Grove Road, Suite 120
Walnut Creek, CA  94598
Telephone:  (925) 945-0200
Facsimile:  (925) 945-8792

Attorneys for the Schwartz Group of Investors,
Individually and On Behalf of All Others Similarly
Situated, and Proposed Lead Counsel